Susannah Pease, Administratrix *vs.* Rodney Pease & others.

An administrator set forth, in a bill in equity, that his intestate was of imbecile mind and incapable of disposing of his property, and that the defendants, by unfair prac-·tices, obtained from him conveyances of part of his real estate, and transfers of his goods, chattels, money and choses in action, without any consideration, which property the administrator ought to have in his possession, in order to administer the same; wherefore he prayed that the defendants might answer, on oath, what property they received from the intestate, and when. *Held,* on general demurrer, that the plaintiff could not maintain the bill, because it was not averred therein that the plaintiff had obtained license to sell the intestate's real estate for payment of his debts, nor that it was needed for that purpose, and because there was no averment that any suit was brought, or intended to be brought, in which the evidence which was sought to be discovered was material.

THE plaintiff alleged, in a bill in equity, that she was admin istratrix of the estate of Fortunatus Pease, late of Dartmouth, who died on the 28th of May 1840, leaving one son and three daughters, who were entitled to distributive shares of his estate : That said Fortunatus, for some months next preceding his decease, was wholly incapable, from imbecility and mental infirmity, of managing his affairs, or understandingly disposing of his property : That whilst he was in this imbecile state of mind, the defendants, (part of his heirs,) knowing his incapacity, induced him,.by certain unfair and unjust practices upon his weakness, to give and convey to them large and valuable portions of his estate, without any valuable consideration, to the injury of his other heirs; namely, certain real estate in Dartmouth, one sixteenth of the ship Forrester and cargo, cer tain promissory notes due from two of the defendants, severally, a certain mortgage deed of real estate, executed to said Fortu-natus by Jonathan Sherman, together with sums of money and household furniture : That the plaintiff ought to be in posses-sion of the aforesaid property, in order to administer it; but

that there was no adequate provision in law, by which she could possess herself thereof, inasmuch as the defendants had confederated together to keep her out of possession of the same, sometimes denying that they have received the same, and sometimes falsely asserting that they received the same upon good consideration.

The prayer of the bill was as follows: "That the defendants, respectively, be required to answer fully, upon oath, all the matters and things objected against them, and particularly, that each of the defendants answer, what property, and when, they received from said Fortunatus; what promissory notes they received from him, and when; what money and other effects they received from him, and when; and that all such other proceedings may be had in the premises, as equity and justice may require."

The defendants filed a general demurrer to the whole bill.

*Colby*, in support of the demurrer. This is not a bill for relief, as no relief, either general or special, is prayed for. And, as a bill of discovery, it is ill. 1st. Because it does not allege that any action is pending or is intended to be brought, nor state for what purpose a discovery is sought. Story Eq. Pl § 317. *Fiske* v. *Slack*, 21 Pick. 361. 2d. The plaintiff proceeds, as administratrix, both for real and personal estate, and has not stated enough to entitle her so to do. 3d. No title of the plaintiff to the property, which is mentioned in the bill, is shown. Nor does it appear that there is no other mode of obtaining the evidence which the plaintiff seeks. There is no distinct statement of facts, or description of property. Story Eq. Pl. §§ 318, 319.

*Coffin*, for the plaintiff. The interests of the heirs and creditors of the intestate, and also the interest of his administratrix, are concerned, and the administratrix seeks a discovery, to enable her to administer the estate. As administratrix, she is trustee for the intestate's creditors, and for others entitled to his estate through her. She is a trustee, as well for the real estate as for the personal. *Holland* v. *Cruft*, 20 Pick. 321, 328. *Copeland* v. *Crane*, 9 Pick. 73. Rev. Sts. *c.* 71. Discovery

will be granted, when it is sought by a trustee, to enable him to perform his trust, though it is not wanted to aid in a suit pending. *Morgan* v. *Harris,* 2 Bro. C. C. 121.   See also *Wright* v. *Bluck,* and *Angell* v. *Draper,* 1 Vern. 106, 399 and *note* (1.) *Taylor* v. *Hill,* 1 Eq. Cas. Ab. 132, pl. 15.   *Dulwich College* v. *Johnson,* 2 Vern. 49.

The bill is sufficiently certain, the ship, notes, land and mortgage being sufficiently described therein.   Story Eq. Pl. §§ 27, 28, 33, 37, 38.   The plaintiff was unable to set out the sums, dates, &c., because the papers, &c. are in the defendants' possession.   See *Wright* v. *Plumptre,* 3 Mad. R. 481. The defendants' objections to the bill are to mere matters of form, which are not the subject of *general* demurrer.   Cooper Eq. Pl. 118, 181.   Story Eq. Pl. §§ 455, 528.   If the defendants had demurred *ore tenus,* and pointed out the defect, the court would have granted leave to amend.   *Durdant* v. *Redman,* 1 Vern. 78.

HUBBARD, J.   The court are of opinion that the demurrer to this bill ought to be sustained.   The bill seeks a discovery as to the conveyance of certain real estate, alleged to have been conveyed to the defendants by means of their unjust and unfair practices upon the intestate.   But the plaintiff does not set out, in her bill, that she has obtained license to sell said real estate for the payment of the debts of the deceased, nor does it even appear that the estate is needed for that purpose. She, consequently, can maintain no action for the recovery thereof; (Rev. Sts. *c.* 71, §§ 12, 13;) and she has no right to enter upon the estate, nor has she any interest in or control over it, as such administratrix.

The plaintiff is not a trustee in regard to the real estate of the deceased, and no action could be maintained by her in regard to it, in aid of which, treating the present suit as a bill of discovery, the discovery, if made, could avail her; so that the case is not sustained by the principle maintained in *Holland* v. *Cruft,* 20 Pick. 321.

If there were no other objections to the bill, we should think the demurrer ought not to be sustained, as being too broad.   It

should have been confined to that part of the bill which seeks a discovery as to the real estate. But we think the demurrer is good to the whole bill, as a bill of discovery merely, because it does not aver that any suit at law has been brought, or is intended to be brought, to the support or defence of which the discovery that is sought is material. Story Eq. Pl. §§ 318, 319. *Fiske* v. *Slack*, 21 Pick. 361.

Again ; treating it as a bill for relief as well as discovery, it is bad, because no relief is prayed for in the bill. But we think the bill may be amended by a suitable prayer for relief, setting out more specifically the claims of the plaintiff, as it respects the personal estate. See *Gibbens* v. *Peeler*, 8 Pick. 254. Or, if the plaintiff chooses to pursue her remedy at law, in regard to the personal estate, she can then amend and show such fact in her amended bill.

*Demurrer sustained*